In the Matter of Albert Pincus, Allan Passin and Richard I. Leightner, Attorneys, Respondents. Samuel Greason, Petitioner.— In a proceeding to discipline the respondents, attorneys and counselors at law, based upon 11 charges or specifications (Nos. 9-A to 9-K inclusive) of professional misconduct, the Justice of the Supreme Court, to whom the issues had been referred for hearing, has filed his report recommending: (a) that two of the charges (9-B and 9-K) be sustained; (b) that the remaining nine charges be dismissed; and (c) that the respondents be censured. The petitioner now moves: (1) to confirm the report as to said two charges (9-B and 9-K); and (2) to disaffirm the report insofar as it failed to recommend that *all* the charges be sustained. In substance, the 11 specifications charge that the respondents: (1) settled and compromised numerous infants' negligence actions without judicial approval [charge No. 9-A]; (2) made payments to a lay adjuster of negligence claims [charge No. 9-B]; (3) disregarded conflicts of interest in certain of their professional relationships [charge No. 9-C]; (4) employed lay investigators in obtaining the execution of retainers and guardian ad litem applications and in processing loans to personal injury claimant-clients [charge No. 9-D]; (5) made loans to certain of their client-claimants in personal injury actions and to certain taxicab companies which they represented [charge No. 9-E]; (6) submitted to insurance companies false statements of their clients' loss of earnings during alleged periods of disability [charge No. 9-F];

(7) as notaries public, acknowledged the signatures of persons who had not personally appeared before the respondents for such purpose [charge No. 9-G]; (8) engaged in the personal solicitation of injured claimants [charge No. 9-H]; (9) submitted to insurance companies "padded" (or exaggerated) bills for medical services allegedly rendered to their clients by physicians to whom they (the respondents) systematically referred such claimants [charge No. 9-I]; (10) charged large sums of money to alleged items of expense for gifts, travel and entertainment in order to conceal payments which they (the respondents) made to persons who referred legal matters to them [charge No. 9-J]; and (11) "stirred up" litigation by causing taxicab companies, taxicab drivers, insurance companies and others to refer personal injury claimants to them (the respondents) [charge No. 9-K]. With respect to charges Nos. 9-A, 9-C, 9-F, 9-H and 9-J, we agree with the Justice's findings that such charges were not sustained by the proof and that they should be dismissed. However, contrary to the Justice's finding, we conclude that charge No. 9-K was also not sustained and that it too should be dismissed. With respect to charge No. 9-B, we agree with the Justice's finding that it is amply sustained by the proof, as well as by the respondents' admissions. However, contrary to the Justice's finding, we are of the opinion that charges 9-D, 9-E, 9-G and 9-I were also sustained by the proof and that they should not be dismissed. The practices of the respondents, as reflected in the five charges which we find to have been established (9-B, 9-D, 9-E, 9-G and 9-I), evince serious lapses from the ethical standards which govern the conduct of lawyers. The respondents employed a lay adjuster in the settlement of claims for personal injury (9-B); respondents employed lay investigators in obtaining retainers (9-D); respondents made loans to injured claimants (9-E); respondents administered carelessly notarial oaths (9-G); and respondents submitted to insurance carriers "padded" medical bills (9-I). Such acts of professional misconduct require more than a censure, as recommended by the learned Justice who heard the proof. In view, however, of the respondents' full co-operation; their frank disclosures throughout the preliminary investigation as well as in this proceeding; and all the other mitigating circumstances which appear in the record, we have decided to limit the discipline to a suspension of the respondents from the practice of the law for a period of one year. Accordingly, the petitioner's motion is granted to the extent indicated; and each of the respondents is suspended from the practice of the law for a period of one year commencing 60 days after entry of the order hereon. Beldock, P. J., Ughetta, Kleinfeld, Rabin and Hopkins, JJ., concur.